UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE PONDER,

                    Petitioner,           **No. 06-CV-6579(VEB)**
                                            **DECISION AND ORDER**

     -vs-

JAMES T. CONWAY,
                    Respondent.
_____

## I.      Background

*Pro se* petitioner Dwayne Ponder ("Ponder" or "petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state custody as the result of a judgment of conviction, following a jury trial in Monroe County Court, on two counts of robbery in the first degree (New York Penal Law ("P.L.") § 160.15(2), (4)) and one count of grand larceny in the fourth degree (P.L. § 155.30(1)). Ponder was sentenced as a persistent violent felony offender to an indeterminate term of 20 years to life. On direct appeal, the Appellate Division, Fourth Department, unanimously affirmed the conviction, and leave to appeal to the New York Court of Appeals was denied. *People v. Ponder*, 19 A.D.3d 1041, 796 N.Y.S.2d 472 (App. Div. 4th Dept.). Ponder filed several post-conviction motions for collateral relief in state court, none of which were successful.

This timely habeas petition followed. The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. 636(c)(1).

For the reasons set forth below, Ponder's request for a writ of habeas corpus is denied and the petition is dismissed.

## II.    General Legal Principles

The Court's review of habeas petitions filed pursuant to § 2254 is governed by standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214. *Brisco v. Ercole*, 565 F.3d 80, 87 (2d Cir. 2009) (citing *Messiah v. Duncan*, 435 F.3d 186, 196-98 (2d Cir.2006)). The Second Circuit has summarized the main points of the AEDPA inquiry as follows:

> Under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We must presume the state court's factual findings to be correct and may overturn those findings only if the petitioner offers "clear and convincing evidence" of their incorrectness. 28 U.S.C. § 2254(e)(1).

*Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir.2006) (quoted in *Brisco*, 565 F.3d at 87).

A state court decision is "contrary to" Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law" or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Court. *Williams v.* Taylor, 529 U.S. 362, 405 (2000). A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal rule . . . but unreasonably applies it to the facts" of a particular case, or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as

determined by the Supreme Court "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S at 412.

Determinations of factual issues made by a state court must be presumed correct unless the petitioner can show by clear and convincing evidence that such presumption should not apply. *See* 28 U.S.C. § 2254(e)(1); *Leka v. Portuondo*, 257 F.3d 89, 98 (2d Cir. 2001). The petitioner bears the ultimate burden of proving violations of his constitutional rights by a preponderance of the evidence. *See Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997).

A federal court ordinarily will not review a federal claim presented in a habeas petition if it has been rejected by the state courts on a ground which is both "independent and adequate[.]" *Coleman*, 501 U.S. at 736, 11 S.Ct. at 2558; *Monroe v. Kuhlman*, 433 F.3d 236, 240-41 (2d Cir.2006); *Brown v. Greiner*, 409 F.3d 523, 532 (2d Cir.2005). While a procedural forfeiture is typically the product of a failure to comply with a state's requirements regarding timely presentation of issues to the court, the question of whether a default discerned by a state court is sufficiently adequate and independent to preclude federal habeas review is governed by federal law. *Monroe*, 433 F.3d at 241. For a federal court to deny habeas review based on the independent and adequate state ground doctrine, it must be clear that the state court actually relied upon the procedural bar as an independent basis for its disposition of the claim. *Fama*, 235 F .3d at 809. Where a state court has expressly found both a failure to preserve  the argument for appellate review and alternatively (or "in any event") that the argument lacks merit, the procedural bar applies. *Id*. at 810 n. 4 (citing *Glenn v. Bartlett*, 98 F.3d 721, 724-25 (2d Cir.1996) and *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990)).  "[F]ederal habeas review is

foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez*, 898 F.2d at 9. When the state court has dismissed a petitioner's federal claim on an adequate and independent state ground, habeas review of that claim is procedurally barred unless the petitionier can demonstrate either (1) cause for the default and prejudice attributable thereto; or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice ( i.e., a constitutional error has probably resulted in the conviction of someone who is actually innocent). *Coleman v. Thompson*, 501 U.S. at 750, 111 S.Ct. 2546.

## III.    Analysis of Petitioner's Claims

### 1.    The identification evidence was tainted and suggestive and insufficient to conviction petitioner of the crime (Ground One)

Ponder asserts in Ground One, as he did on direct appeal, that the various identification procedures were unduly suggestive and that the identification evidence was fatally deficient because the witnesses closest in proximity to him during the course of the robbery were unable to identify him. Ground One combines two due process claims–one pertaining to the insufficiency of the evidence claim and the other concerning the suggestiveness of the identification procedures used. The insufficiency of the evidence is addressed by this Court in Section III.3.1, *infra*.

Turning first to the argument regarding the alleged suggestiveness of the show-up identification procedures involving the witnesses who were unable to identify him, any error necessarily was harmless because none of these witnesses were able to make positive

identifications of Ponder and thus there were no identifications resulting from allegedly suggestive procedures from those witnesses. *See*, *e.g.*, Petitioner's Appellate Brief at 15 (citing testimony of Officer Fantanza, Tr. at 161).

The Court turns next to the show-up procedure involving witness Beverly Riley ("Riley"), who did make a positive identification. On direct appeal, the Appellate Division held that "[d]efendant failed to seek suppression of the identification evidence from the showup identification procedure and therefore failed to preserve for our review his contention that the procedure was unduly suggestive[.]" *People v. Ponder*, 19 A.D.3d at 1043 (citing *People v. Amin*, 294 A.D.2d 863, 863-864, 742 N.Y.S.2d 746 (App. Div. 4ᵗʰ Dept. 2002) ("By withdrawing his pretrial request for a *Wade* hearing and then failing to object to the victim's identification of defendant at trial, defendant failed to preserve that contention for our review (*see* CPL 470.05 (2))."), *lv. denied*, 98 N.Y.2d 672, 746 N.Y.S.2d 461, 774 N.E.2d 226)). The Appellate Division went on to hold, in any event, that the "contention is without merit inasmuch as the showup was conducted at the scene of the crimes within an hour of their commission. The fact that defendant was standing in front of a police vehicle does not render the procedure unduly suggestive." *Id.* (citations omitted).

The suggestive identification claim is procedurally defaulted as a result of the Appellate Division's reliance upon an adequate and independent state ground, namely, the contemporaneous objection rule set forth in C.P.L. § 470.05(2). The Second Circuit has "observed and deferred to New York's consistent application of its contemporaneous objection rules.*" Garcia v. Lewis*, 188 F.3d 71, 79 (2d Cir.1999) (citing *Bossett v. Walker*, 41 F.3d 825, 829 n. 2 (2d Cir.1994) (respecting state court's application of C.P.L. § 470.05(2) as adequate bar

to federal habeas review), *cert. denied* , 514 U.S. 1054, 115 S.Ct. 1436 (1995)). Because there is an adequate and independent finding by the Appellate Division that Ponder procedurally defaulted on his sentencing claim, he would have to show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750. As discussed elsewhere in this opinion, Ponder cannot make any of the required showings. Therefore, his suggestive identification procedure claim is subject to an unexcused procedural default and is barred from habeas review.

In any event, the Appellate Division's conclusion was in line with federal law. *Compare with United States v. Bautista*, 23 F.3d at 730. In *Bautista*, the following showup identification procedure, occurred shortly after a drug raid, was found to be not unnecessarily suggestive: a series of suspects "w[ere] presented [individually] . . . in handcuffs [to the eyewitness]; at night; in the custody of police officers; with [their] face [s] lit by flashlights; and in the presence of [a police officer] who, each time the [eyewitness] identified a suspect, radioed to his fellow officers, 'it's a hit.'"

I note that the Appellate Division in *Ponder* cited *People v. Brisco*, 99 N.Y.2d 596, 597, 758 N.Y.S.2d 262, 788 N.E.2d 611, in its rejection of Ponder's contention of suggestiveness, finding it significant that the showup was conducted at the scene of the crimes within an hour of their commission. The Second Circuit recently found that the New York Court of Appeals in *Brisco* had not unreasonably applied clearly established federal law, and overturned the district court's grant of habeas relief to petitioner based upon a suggestive show-up procedure. *See Brisco v. Ercole*, 565 F.3d 80, 89-90 (2d Cir. 2009).

The Second Circuit recognized that "a 'showup' procedure is inherently suggestive because it involves the presentation of a single suspect to a witness by the police (as opposed to a lineup, in which several individuals are presented to the police, only one of whom is the suspect), and has accordingly been 'widely condemned,' *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), *Brisco*, 565 F.3d at 88. Nevertheless, the Supreme Court has held, "a claimed violation of due process in the conduct of a confrontation depends on the totality of the circumstances surrounding it," *Stovall*, 388 U.S. at 302; *accord Brisco*, 565 F.3d at 88. "Accordingly, a showup identification violates due process only if it is an ' unnecessarily suggestive' procedure." *Brisco*, 565 F.3d at 88 (quoting *Stovall*, 388 U.S. at 302) (emphasis added in *Brisco*). In other words, without more, a showup procedure is not, in and of itself, unnecessarily suggestive. *See id.* Here, Ponder has not adduced any additional factors, besides the fact that the procedure was a showup, that lent themselves to a likelihood of misidentification. Accordingly, the Court cannot conclude that the showup procedure utilized in his case was unnecessarily suggestive as that term has been defined by the Supreme Court.

          **2.**      **The trial court improperly bolstered the testimony of two prosecution witnesses during its marshaling of the evidence (Ground Two)**

Ponder asserts that next contends that the trial court marshaled the evidence in an unbalanced manner–namely, that the judge bolstered the testimony of the two identifying prosecution witnesses and consequently deprived him of a fundamentally fair trial. This claim is procedurally barred. The Appellate Division explicitly found petitioner's claim that the trial court had improperly marshaled evidence in its charge to the jury to be unpreserved for appellate review. This finding was based on an independent and adequate state ground, New York's

contemporaneous objection rule. Thus, Ponder is precluded from obtaining federal habeas review unless he shows either cause for the default and prejudicial effect, or demonstrates sufficiently the habeas court's failure to review the claim will result in a fundamental miscarriage of justice. As discussed in Section III.3.1 of this opinion, *infra*, Ponder cannot show cause, prejudice, or that he is factually innocent. Accordingly, he cannot overcome the procedural default applicable to his marshaling-the-evidence claim and it is dismissed.

### 3. The prosecution failed to adduce legally sufficient evidence to prove petitioner's guilt beyond a reasonable doubt, and the verdict was against the weight of the credible evidence (Ground Three)

#### 1. Legal insufficiency of the evidence

On direct appeal, the Appellate Division held that "[d]efendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction[.]" *Ponder*, 19 A.D.3d at 1042 (citing *People v. Gray*, 86 N.Y.2d 10, 19 (N.Y. 1995) (""[E]ven where a motion to dismiss for insufficient evidence was made, the preservation requirement compels that the argument be 'specifically directed' at the alleged error [in the People's proof. . . .").  As respondent argues, Ponder's insufficiency-of-the-evidence claim is procedurally barred due to the Appellate Division's reliance upon *People v. Gray*, 86 N.Y.2d at 19, 629 N.Y.S.2d 173, 652 N.E.2d 919, as an "adequate and independent state ground," to dismiss the claim as unpreserved. *See Harris v. Reed*, 489 U.S. 255, 260-61, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (Federal habeas corpus review of a state conviction is prohibited if a state court judgment is based on an "adequate and independent state ground," such when the state court "explicitly invokes a state procedural bar rule as a separate basis for decision.").  The Second

-8-

Circuit recognizes New York's contemporaneous objection rule as an independent and adequate state procedural rule barring habeas review. *See*, *e.g.*, *Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir.2007) ("New York's preservation rule, codified at N.Y. Crim. P. Law § 470.05(2), 'require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error.' Garcia [v. Lewis], 188 F.3d [71,] [ ] 78 [(2d Cir. 1999)] (quoting *People v. Luperon*, 85 N.Y.2d 71, 78, 623 N.Y.S.2d 735, 647 N.E.2d 1243 (N.Y.1995)). . . . A general objection is not sufficient to preserve an issue since such would not alert the court to defendant's position. Instead New York's highest courts uniformly instruct that to preserve a particular issue for appeal, defendant must *specifically focus on the alleged error*.") (quoting *Garvey v. Duncan*, 485 F.3d 709, 714-15 (2d Cir. 2007) (citing New York cases) (emphasis added in *Richardson*; citation omitted).

None of the exceptions to the independent and adequate state ground doctrine apply here. First, the independent state grounds relied upon are clearly adequate under Second Circuit precedent. Second, Ponder cannot demonstrate either cause for, or actual prejudice resulting from, his failure to preserve the legal insufficiency claim. The record does not reflect any external factor that impeded him from preserving this claim. Finally, Ponder has not demonstrated that a failure to consider the insufficiency claim will result in a miscarriage of justice. Accordingly, the Court concludes that Ponder's insufficiency claim is procedurally barred from habeas review and is dismissed on that basis.

In any event, the Appellate Division went on to hold, in the alternative, that the evidence was legally sufficient to support the evidence:

The manager of an establishment in proximity to the bar where the robbery occurred observed a man leave the bar and enter a maroon vehicle. The manager followed the maroon vehicle in his own vehicle, and he observed three men in the vehicle. When the vehicles were stopped at a red light, there was also a police vehicle stopped at the same light. The manager advised the police that the men in the maroon vehicle had committed the robbery at the bar. The police thereafter pulled the vehicle over, at which time two of the three occupants ran in different directions. Two police officers chased the man subsequently identified as defendant by one of the two officers during a showup identification procedure. Although the officer who identified defendant at the showup did not see more than a profile of defendant's face, he identified defendant by his boots, clothing and distinctive hairstyle. The man chased by the officers was wearing a black hooded sweatshirt and a leather jacket and, when defendant was apprehended by other officers, he was wearing a black hooded sweatshirt and breathing heavily. A witness testified that she observed defendant remove his leather jacket and throw it under a truck. We conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (quoting *People v. Bleakley*, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672)).

*People v. Ponder*, 19 A.D.3d at 1042. The Appellate Division properly applied the federal standard for assessing whether a conviction comports with the evidentiary requirements of due process. *Compare People v. Bleakley,* 69 N.Y.2d at 495 *with Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir.2002) ("In assessing such a claim, a habeas court must view all evidence in a "light most favorable to the State and the applicant is entitled to habeas corpus relief only if no rational trier of fact could find proof of guilt beyond a reasonable doubt based on the evidence adduced at trial.") (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ("Under the standard established in this opinion as necessary to preserve the due process protection recognized in *Winship*, a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.")).

### b.    Weight of the evidence claim

Ponder's claim regarding the weight of the evidence is not a federal constitutional claim cognizable in this habeas proceeding. A "weight of the evidence" claim derives from New York Criminal Procedure Law ("C.P.L.") § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. CRIM. PROC. LAW § 470.15(5). A "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. *People v. Bleakley*, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672 (N.Y.1987) (explaining that a "weight of the evidence" claim is based on an appellate court's factual review power, while an "insufficiency of the evidence" claim is a legal claim based on constitutional due process requirements); *Jackson v. Virginia*, 443 U.S. at 318-19 (holding that due process as applied to the states by the Fourteenth Amendment of the federal constitution requires sufficient record evidence establishing proof beyond a reasonable doubt of every element of the crime charged).

Because Ponder's weight of the evidence claim implicates only state law, it is not cognizable in this federal habeas proceeding. *See* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) (habeas corpus review is not available where there is simply an alleged error of state law); *Ex parte Craig*, 282 F. 138, 148 (2d Cir.1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), *aff'd*, 263 U.S. 255, 44 S.Ct. 103,

68 L.Ed. 293 (1923).

Therefore, it is dismissed as not cognizable. *Accord*, *e.g.*, *Garrett v. Perlman*, 438 F. Supp.2d 467, 470 (S.D.N.Y.2006) (dismissing claim that conviction was against the weight of the evidence; such a claim is not a basis for habeas relief but presents only an error of state law, for which habeas review is not available); *Feliz v. Conway*, 378 F. Supp.2d 425, 430 n. 3 (S.D.N.Y.2005); *Douglas v. Portuondo*, 232 F. Supp.2d 106, 116 (S.D.N.Y.2002); *Correa v. Duncan*, 172 F. Supp.2d 378, 381 (E.D.N.Y.2001).

### 4.     The prosecution failed to disprove petitioner's alibi defense beyond a reasonable doubt (Ground Four)

Under New York law, when a statutorily defined "affirmative defense," such as duress or entrapment, is raised at trial, the defendant has the burden of proving the defense by a preponderance of the evidence. N.Y. Penal Law § 25.00(2).  "Alibi, however, is not classified under New York law as an affirmative defense but as 'a "defense" other than an "affirmative defense."'" *Wright v. Smith*, 569 F.2d 1188, 1189 n.1 (2d Cir. 1978).  Section 25.00 "provides that 'the people have the burden of disproving such defense  beyond a reasonable doubt.'" *Id.* (quoting N.Y. Penal Law § 25.00). "Aside from these provisions of New York law, petitioner's presence at the robbery was a fact 'necessary to constitute the crime with which he is charged.'" *Id.* (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970)).

This claim is an integral part of Ponder's legal-insufficiency-of-the-evidence claim, which the Court has already found to be procedurally defaulted as a result of the Appellate Division's reliance upon an adequate and independent state ground (failure to preserve the claim by a specific motion to dismiss). In any event, the claim is without merit. As the Appellate

Division found, "[a]lthough [Ponder] presented the testimony of his sister in support of his alibi defense, that testimony accounted for [his] whereabouts only until 30 minutes before the robbery." *People v. Ponder*, 19 A.D.3d at 1042. Ponder cannot carry his burden of demonstrating that, after reviewing all evidence in the light most favorable to the prosecution, *no* rational juror could have found that Ponder did not have a valid alibi. *See Jackson v. Virginia*, 443 U.S. at 319. The jury's rejection of Ponder's alibi defense certainly was not unreasonable here, given the ample proof that Ponder indeed was present at the time of the crime. Accordingly, this claim is dismissed.

### 5. The trial court's *Sandoval* ruling was erroneous and deprived petitioner the right to participate in his own defense (Ground Five)

Pursuant to *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (N.Y. 1974), a defendant is entitled to an *in limine* ruling setting forth the extent to which the prosecution may cross-examine him regarding prior crimes and bad acts bearing on his credibility, veracity or honesty, should he choose to testify. The Appellate Division held that this claim was unpreserved and, in any event, without merit, because the trial court "properly balanced the prejudicial effect of questioning concerning the facts underlying certain prior convictions and a prior arrest and the fact that defendant was previously convicted of a felony against the potential for undue prejudice arising from such questioning." *People v. Ponder*, 19 A.D.3d at 1043 (citations omitted). In addition to being procedurally defaulted because of the adequate and independent state ground doctrine, the claim is barred from habeas review because petitioner failed to testify at trial. *See Grace v. Artuz*, 258 F. Supp.2d 162, 171-72 (E.D.N.Y. 2003) (in absence of petitioner taking the stand to testify at trial, "petitioner's claim as to the

impropriety of the *Sandoval* ruling [did] not raise a constitutional issue cognizable on habeas review") (citing *Carroll v. Hoke*, 695 F. Supp. 1435, 1440 (E.D.N.Y.1988)) *aff'd*, 880 F.2d 1318 (2d Cir.1989) (citing *Luce v. United States*, 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (holding that in order "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify")); *accord Brathwaite v. Duncan*, 271 F. Supp.2d 400, 401 (E.D.N.Y.2003) (holding that *Sandoval* claim not cognizable on federal habeas review where petitioner did not testify at trial).

In *Luce,* which was a direct appeal of a federal criminal conviction, the Supreme Court held that an *in limine* ruling allowing impeachment of a defendant by use of a prior conviction did not present a question of constitutional dimension and was not reviewable on appeal unless the defendant testified. *Luce v. United States*, 469 U.S. at 43, 105 S.Ct. 460. The Supreme Court declared that any possible harm flowing from a trial court's *in limine* ruling permitting impeachment by a prior conviction was "wholly speculative" and observed that the ruling is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer." *Id.*

Although the present case involves the collateral review of a state trial court's *Sandoval* ruling and *Luce* involved the direct review by a Circuit Court of Appeals of a federal trial court's ruling pursuant to Rule 609 of the Federal Rules of Evidence, the rationale of *Luce* is equally apposite. Both a *Sandoval* ruling and a Rule 609 ruling seek to balance the prejudicial impact of the prior conviction against its value as impeachment testimony, *compare People v. Sandoval*, 357 N.Y.S.2d at 853-54, 314 N.E.2d at 416-17 with Fed.R.Evid. 609, and in both cases the defendant's failure to testify makes it impossible to test the propriety of the ruling. *See Luce*, 469

U.S. at 43, 105 S.Ct. 460 ("A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context. This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.") (footnote omitted).

Finally, "[b]ecause an accused's decision whether to testify 'seldom turns on the resolution of one factor,' *New Jersey v. Portash*, 440 U.S. 450, 467, 99 S.Ct. 1292, 1301, 59 L.Ed.2d 501 (1979) (Blackmun, J., dissenting), a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify." *Luce*, 469 U.S. at 43, 105 S.Ct. 460.

The Court appreciates the logic of Ponder's argument–that he was prohibited him from taking the stand and testifying in his own behalf *because* of the trial court's erroneous *Sandoval* ruling–but the clear weight of the authority holds that his failure to testify at trial precludes habeas review of this claim. For the foregoing reasons, the Court dismisses Ponder's claim of an erroneous *Sandoval* ruling.

6.      **The trial court's jury instructions on "reasonable doubt" and "circumstantial evidence" were erroneous (Ground Six)**

Ponder claims that the state trial court improperly failed to give a circumstantial evidence jury charge. Under New York law, a circumstantial evidence jury charge is only required when the evidence against the defendant consists *solely* of circumstantial evidence and the defendant requests such a charge. *E.g.*, *People v. Daddona*, 81 NY2d 990, 992 (N.Y. 1993). Here, the Appellate Division held that "defendant failed to preserve for our review

his contentions that County Court erred in failing to instruct the jury that the People had the burden to disprove defendant's alibi defense beyond a reasonable doubt and in failing to issue a proper circumstantial evidence charge . . . ." *People v. Ponder*, 19 a.D.3d at 1043 (internal citation omitted). Respondent has argued the merits of this claim, rather than relying upon the the affirmative defense of procedural default. Respondent summarily asserts that Ponder has not shown that the evidence against him was *entirely* circumstantial and thus he was not entitled to the charge under state law:   The trial judge told the jury that apart from the testimony of Investigator Lawler that "defendant is the fleeing suspect, there is no other direct evidence whatsoever which identifies the defendant as the fleeing suspect or any direct evidence which identifies the defendant as the actual perpetrator." Trial Transcript at 886-87 (quoted in Petitioner's Appellate Brief, attached to Petition (Docket No. 1)).

   Ponder's appellate counsel argued that the charge given by the trial court improperly confused the jury by conflating "moral certainty" with "beyond a reasonable doubt", and that the trial court should have given a circumstantial evidence charge instructing the jury that the facts from which the inference of the defendant's guilt is drawn must be inconsistent with innocence and must exclude to a moral certainty every other reasonable hypothesis. Petitioner's Appellate Brief at 47 (Docket No. 1).

   Jury instructions violate due process if they "fail[ ] to give effect to [the] requirement" that the prosecution must prove every element of a charged offense beyond a reasonable doubt. *Middleton v. McNeil*, 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) (*per curiam*). However, "a state prisoner making a claim of improper jury instructions faces a substantial burden." *Delvalle v. Armstrong*, 306 F.3d 1197, 1200 (2d Cir.2002). The petitioner must

establish that " 'the ailing instruction by itself so infected the entire trial that the resulting conviction violat[ed] due process,' not merely [that] 'the instruction is undesirable, erroneous, or even universally condemned.'" *Id*. at 1201 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)); *see also Middleton*, 541 U .S. at 437 (explaining that "not every ambiguity inconsistency, or deficiency in a jury instruction rises to the level of a due process violation").

Here, the trial court instructed the jury as follows on circumstantial evidence:

> Proof to a moral certainty means proof beyond a reasonable doubt. The term is used instead of reasonable doubt in circumstantial evidence cases because in such cases a jury is required to engage in a process of reasoning to infer guilt despite the absence of direct evidence to establish guilt.

Tr. at 850-51; *see also id.* at 903 (read-back of instruction to jury). The trial court's jury instructions clearly told the jury that, although it could convict petitioner based on circumstantial evidence, petitioner's guilt needed to be established beyond a reasonable doubt. "The trial court's failure to use the phrase "moral certainty" did not lessen the prosecution's burden." *Brewster v. People*, No. 08-CV-4480 (JFB), 2010 WL 317919, at *7 (E.D.N.Y. Jan. 21, 2010) (citing *Victor v. Nebraska*, 511 U.S. 1, 16, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994)). "In fact, the Supreme Court of the United States has suggested that trial courts not use the phrase 'moral certainty.'" *Id.* (citing *Victor*, 511 U.S. 1 at 16 (stating that it did "not condone use of the phrase" because "the common meaning of the phrase" has changed over time); *Corines v. Warden, Otisville Federal Corr. Inst.*, No. 05-CV-2056 (NGG), 2008 WL 4862732, at *13-15 (E.D.N.Y. June 10, 2008) ("Petitioner's argument fails because there is no requirement that the phrase "moral certainty" or any other particular words be used when instructing a jury on the meaning of proof beyond a

reasonable doubt.) (citing *Victor v. Nebraska*, 511 U.S. at 16-17; *Franceschi v. Walsh*, No. 02-CV-2779 (JG), 2004 WL 1166650, at \*9 (E.D.N.Y. May 24, 2004) (rejecting habeas claim regarding failure to include a "moral certainty" instruction in cases involving wholly circumstantial evidence).

A charge on reasonable doubt is constitutionally infirm only when "there is 'a reasonable likelihood that the jury understood the instructions to allow conviction' " even absent proof of every element of the charged offense beyond a reasonable doubt. *Victor*, 511 U.S. at 6, 114 S.Ct. at 1243; *see also Justice v. Hoke*, 45 F.3d 33, 34 (2d Cir.1995). "Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor*, 511 U.S. at 5, 114 S.Ct. at 1243. Rather, "taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury." *Holland v. United States*., 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954).

Applying these principles to Ponder's case, the Court finds that the trial court's jury instruction did not constitute a due process violation. *See*, *e.g.*, *Corines*, 2008 WL 4862732, at \*13. This claim is dismissed for failure to demonstrate an error of federal constitutional magnitude.

### 7. The sentence was excessive (Ground Seven)

Ponder argues that the trial court abused its sentencing discretion by imposing an excessive sentence without considering that, in his opinion, the prosecution's case against him was not very strong, based as it was largely on circumstantial evidence. The Appellate Division rejected this claim on appeal.

It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992). The Second Circuit explained in *White*, "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *Id*. Upon his conviction for robbery and related charges, the trial court sentenced Ponder, who was adjudicated as a persistent violent felony offender, an indeterminate prison sentence of 20 years to life along with lesser concurrent terms. Given his recidivist status, Ponder's fell within the guidelines prescribed by state law. Thus, his claim is not cognizable for federal habeas corpus review. Accordingly, the claim is dismissed.

### 8. The cumulative trial errors were not harmless (Ground Eight)

As a coda to his brief, Ponder's appellate counsel asserted on direct appeal that Ponder was deprived of a fundamentally fair trial and therefore the "harmless error doctrine should not be strictly applied." The Appellate Division summarily rejected this claim.

"In limited circumstances, cumulative errors may serve as the basis for habeas corpus relief." *Brumfield v. Stinson*, 297 F. Supp.2d 607, 621 (W.D.N.Y. 2003) (Report and Recommendation of Foschio, M.J., adopted by Elfvin, D.J.) (citing *Sanders v. Sullivan*, 701 F. Supp. 1008, 1012 (S.D.N.Y.1988)). "[I]mplicit in such a claim is, first, that the alleged individual errors a petitioner seeks to aggregate are actually *errors*." *Joyner v. Miller*, No. 01 CIV.2157(WHP)(DF), 2002 WL 1023141, at * 13 (S.D.N.Y. Jan. 7, 2002) (emphasis in the original) (citations omitted). "[T]he cumulative-error rule . . . can only come into play after errors have been discovered; if no one error requires reversal, the whole body of error is to be assessed for prejudicial effect." *Sanders*, 701 F. Supp. at 1013; *accord, e.g., Brumfield*, 297 F. Supp.2d at

621.

Furthermore, "in order for the cumulative effect of errors to warrant a new trial, the claimed errors must be 'so prejudicial that they rendered petitioner's trial [ ] fundamentally unfair.'" *Joyner*, 2002 WL 1023141, at *13 (quoting *Collins v. Scully*, 878 F. Supp. 452, 460 (E.D.N.Y.1995). It bears noting that the Supreme Court has "defined the category of errors that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). Merely aggregating rulings or events unfavorable to the defense is not sufficient to show a lack of fundamental fairness. *Collins*, 878 F. Supp. at 460 (citing *United States v. Rivera*, 900 F.2d 1462, 1470-71 (10th Cir.1990) (*en banc*)).

In the present case, the Court has examined the alleged errors and determined that they do not constitute errors of constitutional magnitude. Additionally, Ponder "has not established that the alleged errors prejudiced his case to the point that his trial was rendered 'fundamentally unfair.'" *Joyner*, 2002 WL 1023141, at *13; *see also Brumfield*, 297 F. Supp.2d at 621 (citing *Collins*, 878 F. Supp. at 460-61 (rejecting cumulative error claim where petitioner "failed to establish inherent or actual prejudice resulting from any of the alleged errors"); *Styles v. Van Zandt*, No. 94 Civ. 1863 (MGC), 1995 WL 326445, at *11 (S.D.N.Y. May 31, 1995) (denying habeas relief based upon cumulative error because "[m]any of petitioner's alleged errors were not errors at all, and consideration of the record as a whole demonstrates that petitioner received a fundamentally fair trial")). Accordingly, the cumulative error claim is dismissed as being without merit.

> **9.      The Appellate Division erred in not exercising its "interest of justice" review power to review unpreserved claims (Ground Nine)**

Finally, Ponder asserts that the Appellate Division should have used its interest of justice of power under C.P.L. § 470.15(3)(c) to "fully review the facts and the law *de novo* on appeal." It appears that section of the C.P.L. to which appellate counsel was intending to refer was C.P.L. § § 470.15(1), which provides as follows: " Upon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant." A reversal or a modification of a judgment, sentence or order must be based upon a determination made upon the law; or upon the facts; or as a matter of discretion in the interest of justice; or on a combination of all of these grounds. N.Y. CRIM. PROC. LAW § 470.15(3)(a)-(d). The kinds of determinations "deemed to be made as a matter of discretion in the interest of justice include, but are not limited to, the following: (a) [t]hat an error or defect occurring at a trial resulting in a judgment, which error or defect was not duly protested at trial as prescribed in subdivision two of section 470.05 so as to present a question of law, deprived the defendant of a fair trial; [or] (b) [t]hat a sentence, though legal, was unduly harsh or severe." N.Y. CRIM. PROC. LAW § 470.15(6)(a), (b).

At most, Ponder has asserted a violation of New York state statutory law. It is established beyond doubt that Federal habeas review is available for a State prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has made clear that mere errors of State law are not subject to Federal habeas review. *See*, *e.g.*, *Estelle v McGuire*, 502 U.S. 62, 67-68 (1991); *Cupp v Naughten*, 414 U.S. 141, 146 (1970). This claim accordingly must be dismissed as not cognizable on habeas review. In any event, the Court notes that the Appellate Division did

consider a number of his asserted errors on the merits, notwithstanding the lack of preservation and thus Ponder is hard-pressed to show how he was prejudiced.

> **10.    Petitioner was deprived of his right to be present at sidebar conferences with prospective jurors (Ground Ten of the Amended Petition).**

Although Ponder explicitly acknowledges that he signed, in open court, a waiver of his right to be present at sidebars during jury selection, he nevertheless contends that he did not waive his right to "have a voice" in the jury selection procedure. First of all, this claim is factually baseless given his valid, signed waiver. Second, defendants possess no clearly established federal constitutional right to be present at sidebars during jury selection. Under New York law, a defendant is entitled, pursuant to Criminal Procedure Law § 260.20, to be present at sidebar discussions when the merits of the case or "prospective jurors' backgrounds and their ability to weigh the evidence objectively" are discussed. *People v. Antommarchi*, 80 N.Y.2d 247, 250, 590 N.Y.S.2d 33, 35, 604 N.E.2d 95 (N.Y.1992).[1] However, "[f]ederal standards regarding a defendant's presence at a side bars are less stringent than New York's standards." *Nichols v. Kelly*, 923 F. Supp. 420, 426 (W.D.N.Y.1996) (holding that a habeas petitioner's presence at each sidebar held during jury selection was not required by the United States Constitution) (citing *Gaiter v. Lord*, 917 F. Supp. 145 (E.D.N.Y.1996)) ("The Federal Constitution does not require a defendant's presence at sidebar conferences.").

---

[1]    In *Antommarchi,* the New York Court of Appeals held that defendant's right to be present during a material stage of the trial was violated where, during the impaneling of the jury, defendant was excluded from side-bar questioning of certain jurors concerning their ability to weigh evidence objectively and to hear testimony impartially. The New York Court of Appeals further held that because Antommarchi had a fundamental right to be present at the sidebars, his failure to object to being excluded from the side-bar discussions was not fatal to his claim. 80 N.Y.2d at 250.

There is considerable authority for the proposition that Ponder's claim regarding his absence during the sidebar conferences is not even a federal constitutional claim cognizable on habeas review. District courts in the Second Circuit have held that there is no right to be present at a sidebar conference during voir dire. *Ellis v. Phillips*, No. 04Civ.7988(SHS)(AJP), 2005 WL 1637826, at *13 (S.D.N.Y. July 13, 2005) (citing, *inter alia*, *Giles v. Kuhlmann*, No. 98-CV-7368, 2002 WL 1751401 at *4-5 (E.D.N.Y. July 11, 2002)); *see also*, *e.g.*, *United States v. Feliciano*, 223 F.3d 102, 111 (2d Cir.2000) (finding no case "in which an appellate court has found a structural defect where a defendant was present throughout but unable to hear a circumscribed portion of voir dire, and whose counsel was allowed to consult with him about the limited questioning outside his hearing"), *cert. denied*, 532 U.S. 943, 121 S.Ct. 1405, 149 L.Ed.2d 348 (2001); *Perez v. Greiner*, 00 Civ. 5504, 2005 WL 613183 at *5-6 (S.D.N.Y. Mar. 14, 2005) ("Although the pre-screening and impaneling of jurors is a material stage of trial at which a defendant has a constitutional right to be present, there is no clear Supreme Court precedent supporting a claim that absence from a sidebar conference during voir dire violates the Sixth Amendment. Therefore, the Appellate Division's adjudication of this claim is not contrary to, or an unreasonable application of, that law.") (citations omitted); *Diaz v. Herbert*, 317 F. Supp.2d 462, 473 (S.D.N.Y.2004) ("[E]ven if [petitioner's] rights under *Antommarchi* were violated, it does not rise to the level of a federal constitutional violation. Therefore, any alleged violation of these rights is not cognizable on habeas review.").

> **11.** **The prosecutor utilized misconduct in attempting to impeach petitioner's alibi witness (Ground Eleven of the Amended Petition).**

Ponder contends that the prosecutor violated the state-law based evidentiary procedure for

cross-examining alibi witnesses set forth in *People v. Dawson*, 50 N.Y.2d 311 (N.Y. 1980). In particular, Ponder asserts that in cross-examining his sister, Yolanda Thomas ("Thomas"), the prosecutor improperly brought out that she delayed reporting Ponder's alleged alibi and then used that delay as an attempt to discredit her testimony. In *Dawson*, the New York Court of Appeals agreed with the general principal that, absent a specific law, a citizen ordinarily has no legal obligation to volunteer exculpatory information to law enforcement authorities. 50 N.Y.2d at 318. Accordingly, the *Dawson* court explained, it would be improper for a prosecutor to suggest through his questioning that a witness has a flawed moral character or is generally unworthy of belief solely because he or she failed to come forward prior to the trial. *Id.* The *Dawson* court held that it did "not necessarily follow . . . that an individual's previous silence may never be used as a basis for impeaching his testimony at trial. *Id.* Thus, *Dawson* held, "there is nothing inherently improper about cross-examining a defense witness concerning his failure to come forward at an earlier date[,]" for "[a]ssuming a proper foundation has been laid, the information elicited during this type of questioning might well aid the trier of fact in its effort to determine whether the testimony of a defense witness is an accurate reflection of the truth or is, instead, a 'recent fabrication'." *Id.* at 322 & n.4 (in most cases, foundation may be laid by showing that the witness was aware of the nature of the charges pending against the defendant, had reason to recognize that he possessed exculpatory information, had a reasonable motive for acting to exonerate the defendant and, finally, was familiar with the means to make such information available to law enforcement authorities). Ponder contends that the proper foundation was not laid in this case because his sister was not immediately aware of the nature of the charges.

As an initial matter, Ponder has asserted only an alleged violation of state evidentiary law.

Unless the alleged error has also deprived Ponder of a right protected by the federal constitution, a mere error of state law cannot form the basis for habeas relief. 28 U.S.C. § 2254(a). Here, the Court does not see that there was an error of state law, let alone an error of constitutional magnitude. Thomas was informed about the robbery by her uncle the day after it occurred, and she also viewed the news report showing her brother, Ponder. Although she contended that he told Ponder's defense counsel about his alibi "shortly after" his arrest, the prosecution witnesses stated that they did not interview her until several months after Ponder's arrest. Here, the prosecutor properly laid a foundation under *Dawson*: Thomas was aware, the day after the crime, of the nature of the charges pending against her brother; given that she came forward and stated she was with him at the time of the crime, she certainly had reason to recognize that she possessed exculpatory information; as a close relative of Ponder's, she had a reasonable motive for acting to exonerate him; and there is no contention she was unfamiliar with the means to make such information available to law enforcement authorities. Thus, Ponder has not demonstrated that the prosecutor improperly attempted to impeach his alibi witness.

12.     **Trial counsel was ineffective in failing to object to various errors (Ground Twelve of the Amended Petition).**

Ponder asserts that trial counsel was ineffective for failing to object to a number of unspecified errors. Ponder asserts that "but for" counsel's various errors in this regard the jury would have believed his alibi defense. This claim is too vague to state a claim for habeas relief and is dismissed.

13.     **Appellate counsel was ineffective in failing to raise certain arguments on direct appeal (Ground Thirteen of the Amended Petition).**

Finally, Ponder asserts that his appellate counsel unreasonably overlooked three

meritorious constitutional claims–that he was deprived of his *Antommarchi* rights, that the prosecutor improperly impeached his alibi witness, and that trial counsel failed to object to various errors. A claim based upon *Antommarchi* would have been frivolous given Ponder's admitted waiver of his *Antommarchi* rights. The prosecutor did not violate New York evidentiary law in connection with the cross-examination of an alibi witness. Ponder has not demonstrated that he had a meritorious claim of ineffective assistance of trial counsel. Thus, Ponder has not demonstrated how any of these omitted claims would have, in all reasonable probability, resulted in the reversal of his conviction. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994). This claim accordingly is dismissed. *See Strickland v. Washington*, 466 U.S. 668, 696-97 (1984). ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

## IV.     Conclusion

For the reasons stated above, petitioner Dwayne Ponder's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ Victor E.Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:        November 3, 2010
              Rochester, New York.